UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Darrell A. Watters,                )
                                   )
         Plaintiff,                )
                                   )
    v.                             )    Civil Action No. 17-1611 (UNA)
                                   )
                                   )
Tribal and State Courts Research and )
Leadership Consensus Building      )
State Justice Institute and Sponsors *et al.*, )
                                   )
         Defendants.               )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* (IFP). Under the statute governing IFP proceedings, the Court is required to dismiss a case "at any time" it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff, a resident of Shelton, Washington, has sued, among others, the "First printing" presumably of a publication of the State of Washington Office of the Administration for the Courts and the "Second Printing and Second Edition" presumably of a publication of the Washington State Bar Association Indian Law Section. Compl. Caption. The Complaint consists of random words and phrases, beginning with "Applied 1938 Civil Exclusion Order Removal Ordinance Electromagnetic Frequency Mind Control Weapons Monitor Harass," and an equally puzzling "Exhibit." It concludes with a "request" that "wrong doers be convicted" and that plaintiff receive $500,000 "every ten days [and] for long term" for the wrongdoers'

"manipulating [his] mind thought retrieval and Surveillance Monitoring that will take my life at any given time[.]" Compl. at 2.

Complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). The instant complaint satisfies the foregoing standard; therefore, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: August 24, 2017

United States District Judge